Ronald JAMES, Plaintiff–Appellant,

and

Kay James, Plaintiff,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 91–8056.

United States Court of Appeals,
Tenth Circuit.

July 23, 1992.

Ronald James, pro se.

Shirley D. Peterson, Asst. Atty. Gen., of counsel, Richard A. Stacy, U.S. Atty., Gary R. Allen, Charles E. Brookhart and Curtis C. Pett, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before LOGAN, BARRETT and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

Ronald and Kay James (plaintiffs) appeal summary judgment against them in their quiet title action against the United States under 28 U.S.C. § 2410. Although plaintiffs claimed procedural irregularities in the tax levy on Mr. James' wages, the district court found that the case was, at heart, a challenge of the tax liability for which the levy was established and held that it had no jurisdiction to hear the matter. It then entered summary judgment in favor of the United States.[1]

---

1. After examining the briefs and appellate record, this panel has determined unanimously

Mr. James did not file income tax returns for the years 1981 and 1984. The federal Internal Revenue Service (IRS) determined tax deficiencies against Mr. James, sent notice of deficiencies, and, when Mr. James did not pay the deficiencies, issued notices of assessment and demands for payment. When Mr. James failed to pay the tax assessment, the IRS issued notice of intent to levy on Mr. James' wages and sent notice of levy to his employer. Mr. James filed a request for certificate of release of federal tax liens with the IRS, claiming that (1) the Commissioner of Internal Revenue lacks authority to administer the tax laws; (2) the IRS procedures for deficiency and assessment were insufficient because the notices of deficiency do not bear the statement that IRS personnel have examined Mr. James' tax return and determined a deficiency therefrom and because the notices of deficiency do not bear a pen and ink signature; (3) the IRS assessment was not based on a proper "return" filed by or on behalf of Mr. James; and (4) the information collection requests used in preparation of the notice of deficiency [which Mr. James claimed he did not receive] were invalid under the Paperwork Reduction Act of 1980. The IRS denied the request because "[t]he intent of the appeal process is to correct any erroneous filing of Notices of Lien and is not to be used for the purpose of disputing the calculation of tax, penalty or interest." I R. tab 1, ex. D.

Plaintiffs then brought this action against the United States seeking a decree quieting title to Mr. James' wages, injunctive relief, damages, and a return of the wages which had already been seized. After a hearing on plaintiffs' request for a temporary restraining order, the district court found that plaintiffs had not shown that the IRS had used improper or deficient notification and assessment procedures and had not shown that plaintiffs would be successful in their claim for injunctive relief. The United States moved for dismissal and, in the alternative, for summary judgment, and plaintiffs responded with a cross motion for summary judgment. At that point, the district court entered its final order, *James v. United States*, No. C90–0052J, Order on Motion for Summary Judgment, 1991 WL 172929 (D.Wyo. June 21, 1991), I R. tab 33, holding that plaintiffs' action was in reality a suit questioning the propriety of the assessment itself rather than the procedures used to collect the assessment and, consequently, that the court lacked jurisdiction.[2] The court also found that it lacked jurisdiction to grant the injunctive relief plaintiffs requested. Plaintiffs brought this appeal.[3] We will

that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** The court mentioned plaintiffs' claim of violation of the Paperwork Reduction Act, but it did not address that issue in its holding.

**3.** In the district court, Mr. and Mrs. James appeared as co-plaintiffs. Mrs. James did not sign the notice of appeal. In its brief as appellee, the IRS noted this omission and asserted that only Mr. James brought the appeal. Plaintiff responded as follows:

Mrs. James is an interested party to this case as Mr. James' wife. Pursuant to their religious beliefs, Mrs. James is subordinate to her husband. As such, Mr. James has signed all documents in the proceedings in the district court and on appeal. The Government did not object to the Jameses' exercise of this religious belief throughout the proceedings in the district court, and the Jameses did not

mean to confuse the matter by continuing this practice.

Appellants' Rebuttal Brief at 1, n. 1.

We find guidance for this issue in *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578 (10th Cir.1990):

"The purpose of the specificity requirement of [Fed.R.App.P.] 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants.... The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal."

*Id.* at 579–80 (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988)).

In *Tri–Crown*, the court noted that the caption of the notice of appeal named each plaintiff, the body of the notice of appeal referred to those named in the caption, and there was a separate signature block for each plaintiff or his attorney. The court held that it had jurisdiction over the appeal even though the body of the notice of appeal did not separately name each plaintiff.

first examine plaintiffs' quiet title action, with its attendant claims for damages and return of previously seized wages. We will then examine plaintiffs' request for injunctive relief.

## I

■ This is a lawsuit against the United States. The United States may not be sued unless it waives its immunity from suit. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). The terms of the consent define the court's jurisdiction. *Id.* Waivers of sovereign immunity are to be read narrowly. *Engel v. United States (Estate of Johnson),* 836 F.2d 940, 943 (5th Cir.1988); *see also Schmidt v. King,* 913 F.2d 837, 839 (10th Cir.1990). The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 188, 56 S.Ct. 780, 784–85, 80 L.Ed. 1135 (1936).

Thus, our first task is to determine whether the district court had subject matter jurisdiction to entertain plaintiffs' quiet title action. "The existence of subject matter jurisdiction is a question of law reviewed de novo. The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous." *Hughes v. United States,* 953 F.2d 531, 535 (9th Cir.1992) (citation omitted).

### A

■ Plaintiffs cite 28 U.S.C. § 2410 as the statute that provides a waiver of sovereign immunity for their quiet title action.[4]

This consent to suit is available for taxpayers challenging procedural irregularities in the establishment of a lien, *Guthrie v. United States,* 970 F.2d 733, 735 (10th Cir. 1992), as well as third parties challenging a lien's efficacy, *see Aqua Bar & Lounge, Inc. v. United States,* 539 F.2d 935, 938 (3d Cir.1976). However, § 2410 does not waive sovereign immunity for claims that the taxpayer does not owe the taxes in question. *See, e.g., Guthrie,* 970 F.2d at 735.[5]

■ Plaintiffs' underlying theory appears to be that when Mr. James did not file tax returns in 1981 and 1984, the IRS used a procedure of preparing and filing a return "on behalf of" Mr. James which was, according to plaintiffs, deficient because it was not authorized by statute or regulation. *See, e.g.,* I Supp. R. tr. of temporary restraining order hearing (TRO hearing), at 18 (Mrs. James stated:. "[Mr. James'] contention is the procedural defects go as far back of the filing of any kind of a return for him, if he was not required to file one."); I R. tab 1, ¶ 8 ("Any form filed on behalf of the Plaintiff was procedurally improper."). They couch this argument in terms of notice and assessment requirements, using a domino form of logic: if the initial deficiency was arrived at incorrectly, then the various procedures that the IRS used to notify Mr. James of the deficiency and to collect the deficiency were, by plaintiffs' definition, invalid. For example, when Mr. James requested the "pertinent parts" of the assessment, by plaintiffs' definition the IRS could not satisfy the request, because plaintiffs denied that a "valid" deficiency ever existed under the tax laws and regulations.[6]

Here, both Mr. James' and Mrs. James' names appear in the caption and in the body of the notice of appeal. Mr. James signed the notice of appeal, with the signature block captioned, "Ronald James—in person and for Kay James." I R. tab 34. Under *Torres,* this notice of appeal sufficiently notified the IRS and the court of the identities of both Mr. and Mrs. James as the appellants.

**4.** 28 U.S.C. § 2410 states in pertinent part: "[T]he United States may be named a party in any civil action or suit in any district court ...

to quiet title to ... personal property on which the United States has or claims a ... lien."

**5.** Taxpayers who contest the underlying assessment have two avenues of relief. They can file a pre-payment suit in Tax Court or a post-payment suit in the appropriate federal district court or the Court of Claims.

**6.** Plaintiffs claim that one irregularity in the procedures used by the IRS in the course of assessing Mr. James' tax deficiencies and levying on his wages consists of violations of the Paperwork Reduction Act (PRA), 44 U.S.C.

Plaintiffs' various theories and requests for relief appear to flow from this basic, underlying quarrel with the IRS procedure for collecting taxes in cases in which the taxpayer does not file a return.[7] Accordingly, the bulk of plaintiffs' action is based on the merits of Mr. James' underlying tax liability, not the procedure used to notify him of the deficiency or the procedure used to collect it.[8]

To the extent that plaintiffs challenged the merits of Mr. James' underlying requirement to pay taxes for 1981 and 1984 or challenged the amount of taxes he was required to pay, the district court was correct that it does not have jurisdiction. Plaintiffs' generalized claims that Mr. James is not liable for the deficiency assessed by the IRS for 1981 and 1984 are not cognizable in a suit to quiet title to Mr. James' wages in the face of a federal tax levy. "[W]hatever narrow jurisdiction may lie under § 2410 does not extend to an omnibus challenge to the authority of the Internal Revenue Service to function."

*Lonsdale v. United States,* 919 F.2d 1440, 1443 (10th Cir.1990).

### B

Plaintiffs' pro se materials, however, are sufficiently unclear as to preclude complete dismissal for want of jurisdiction. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (pro se complaints are to be interpreted less stringently than those drafted by lawyers). We proceed assuming arguendo that plaintiffs are, in part, raising colorable arguments about the procedures used by the IRS for notification, assessment, and collection of the deficiency against Mr. James, and not just about the validity of the assessment itself. Plaintiffs claimed inadequacies under the requirements of 26 U.S.C. § 6201 (authority of the Secretary to assess all taxes, including those shown on returns completed by the taxpayer or the Secretary), § 6203 (provision of a copy of the record of the assessment to the taxpayer upon request), § 6303 (notice of assess-

---

§§ 3501–3520. We note, however, that lack of an OMB number on IRS notices and forms does not violate that statute. *See Lonsdale v. United States,* 919 F.2d 1440, 1443–45 (10th Cir.1990); *cf. United States v. Dawes,* 951 F.2d 1189, 1193 (10th Cir.1991) (tax regulations and instructions not required to carry OMB numbers); *United States v. Hicks,* 947 F.2d 1356, 1359 (9th Cir. 1991) ("Congress enacted the PRA to keep agencies, including the IRS, from deluging the public with needless paperwork. It did not do so to create a loophole in the tax code.").

7. *E.g.,* as is apparent from "Plaintiffs' Exhibit C" attached to their complaint, "Request for Certificate of Release of Federal Tax liens," one basis for plaintiffs' allegation that the IRS was procedurally ineffective in its levy of Mr. James' wages is plaintiffs' claim that "[t]he Commissioner of Internal Revenue lacks delegated authority to administer certain United States internal revenue laws in the several states of the Union. Without proper authority, any procedure followed is unlawful." I R. tab 1, ex. C, at 1; *see also, e.g., id.* at 3 ("[a]bsent specific delegation of authority from the Secretary of the Treasury, the Commissioner lacks authority/jurisdiction to act, e.g., in this case, to administer certain United States internal revenue laws within the several states of the Union and to issue notices of deficiency to citizens thereof."); *id.* at 4 ("Since the Commissioner lacks

authority to make and issue deficiency determinations to such citizens, he lacks the authority to issue and record a notice of federal tax liens against state citizens....").

Another basis Mr. James cites in this document, appended to the federal complaint, for contesting the validity of the IRS procedures used is that the notice of deficiency is unsupported by the proper "decision documents" because the IRS filed a "dummy return" in the place of returns for the years 1981 and 1984, which Mr. James admittedly did not file. *Id.* at 4–6.

8. The district court noted that in their complaint plaintiffs asserted: "For the years 1981 and 1984 the Plaintiff, Ronald James, was not a person required to file a return on I.R.S. form 1040 or 1040A," I R. tab 1, ¶ 8; and, "[t]he Plaintiff at no time neglected or refused to pay any tax he was/is lawfully liable for," *id.* ¶ 16.

We note in addition that plaintiffs claimed to be citizens "of the Republic of Wyoming," *id.* ¶ 1; that "Defendant, United States of America, is a resident corporation of the United States, Washington, District of Columbia," *id.* ¶ 2; and that the United States had "[failed, refused and/or neglected] to comply with the requirements of the Internal Revenue Code pertaining to the determination of Plaintiff's alleged initial liability," *id.* ¶ 36.

ment and demand for payment), and § 6331(d) (notice of intent to levy).[9]

■ The waiver of sovereign immunity contained in § 2410 gives the federal district court jurisdiction over claims of IRS failure to meet procedural requirements for assessment, levy, and seizures. *Guthrie*, 970 F.2d at 735. "When the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived and the district court does ·have jurisdiction over a quiet title action." *Schmidt*, 913 F.2d at 839; *see also Lonsdale*, 919 F.2d at 1443; *accord Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir.1991); *Arford v. United States*, 934 F.2d 229, 232 (9th Cir. 1991); *McCarty v. United States*, 929 F.2d 1085, 1087–88 (5th Cir.1991); *Robinson v. United States*, 920 F.2d 1157, 1161 (3d Cir.1990); *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir.1990); *see generally Engel v. United States (Estate of Johnson)*, 836 F.2d 940, 943–44 (5th Cir.1988) (summarizing legislative history of § 2410). This waiver for procedural irregularities is construed narrowly, *see Lonsdale*, 919 F.2d at 1443, and does not extend to plaintiffs' claim that the Secretary does not have authority to assess taxes. The waiver in § 2410 also does not apply to challenges surrounding notices of deficiency.[10] *See Guthrie*, 970 F.2d at 736.

■ On the other hand, an "alleged failure of the IRS to assess properly or to send valid notices of assessment and demands for payment are procedural defects cognizable in a quiet title suit." *Guthrie*, 970

F.2d at 737. The record establishes that the IRS mailed notices of assessment and demand for payment for both 1981 and 1984. I Supp. R. tr. at 29, 32, 36, 39; *see Hughes*, 953 F.2d at 535 (IRS documents can establish that assessments were made). These notices also satisfy 26 U.S.C. § 6203, the requirement that the IRS provide a copy of the record of the assessment.

Although Mr. James testified at the temporary restraining order hearing that he had not received proper notification, the evidence in the record was sufficient for the district court to grant summary judgment in favor of the IRS on these issues. The procedural requirements were satisfied upon sending the notices. *See* 26 U.S.C. § 6303(a) ("Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address."); *Montgomery v. United States*, 933 F.2d 348, 350 (5th Cir.1991) (IRS evidence that notices of assessment and demands for payment were mailed was sufficient to support IRS motion for summary judgment); *see also Hughes*, 953 F.2d at 539–40 (IRS Certificates of Assessments and Payments are admissible public records "sufficient to establish that notices and assessments were properly made").

### C

■ Plaintiffs' assertion that the required notice of intent to levy under § 6331(d) was not sent to plaintiffs is a claim within the grant of jurisdiction under § 2410.[11] *See, e.g., Guthrie*, 970 F.2d at

---

**9.** Plaintiffs also assert that the levy was invalid under 26 U.S.C. § 6331(a) because Mr. James was not an officer, employee, or elected official of the United States or the District of Columbia, or of any agency or instrumentality of the United States or the District of Columbia. Plaintiffs' argument is frivolous. Section 6331(a) empowers the IRS to levy the property of all taxpayers. *See Sims v. United States*, 359 U.S. 108, 112–13, 79 S.Ct. 641, 644–45, 3 L.Ed.2d 667 (1959) (all taxpayers are subject to levy for deficiencies under § 6331; § 6331 specifically names government employees and agents in response to earlier Supreme Court case which held that "federal disbursing officer might not, in the absence of express congressional authorization, set off an indebtedness of a federal employee to

the Government against the employee's salary"); *see also Maisano v. Welcher*, 940 F.2d 499, 502 (9th Cir.1991) (emphasizing broad scope of § 6331), *cert. denied,* —— U.S. ——, 112 S.Ct. 1957, 118 L.Ed.2d 560 (1992).

**10.** In any event, the record establishes that the IRS mailed notices of deficiency for both 1981 and 1984 to Mr. James. I Supp. R. (copies of 1981 and 1984 notices); I Supp. R. tr. at 29.

**11.** The IRS argues, without benefit of authority, that plaintiffs do not satisfy the jurisdictional requirement of § 2410, because it alleges that they do not have a title interest in the subject of the levied property. The IRS would have us hold that Mr. James has no title interest to his

735, 739; *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1246 n. 6 (10th Cir.1989); *Gentry v. United States*, 91–2 U.S. Tax Cas. (CCH) ¶ 50,374, at 89,-337, 1991 WL 191246 (E.D.Tenn.1991), *aff'd*, 962 F.2d 555 (6th Cir.1992). Courts uniformly have held that the requirement of notice under § 6331(d) is a prerequisite to a valid lien absent a finding of jeopardy under § 6331(d)(3). *See United States v. Potemken*, 841 F.2d 97, 101–02 (4th Cir. 1988) (strict compliance with procedure in statute required to effect valid levy); *Gonsalves v. United States*, 782 F.Supp. 164 (D.Me.1992) (same); *Simpson v. United States*, 91–2 U.S. Tax Cas. (CCH) ¶ 50,504, at 89,923, 1991 WL 253014 (N.D.Fla.1991) (same); *Computer Management, Inc. v. Trust Co. (In re Computer Management, Inc.)*, 40 B.R. 201, 203 (Bankr.N.D.Ga.1984) (same); *see also Lovelace v. United States*, 91–2 U.S. Tax Cas. (CCH) ¶ 50,339, at 89,-184, 1991 WL 154451 (E.D.Tenn.1991) (failure to submit authenticated documentary proof of notice of intent to levy defeats summary judgment in favor of the government), *aff'd*, 956 F.2d 269 (6th Cir.1992); *Brewer v. United States*, 764 F.Supp. 309, 317 (S.D.N.Y.1991) ("A levy cannot be made until the Secretary has notified the person of his intent to make the levy...."); *Gentry*, 91–2 U.S. Tax Cas. (CCH) at 89,338 (granting summary judgment for government where plaintiffs failed to rebut government evidence that notice of intent to levy was sent); *William E. Schrambling Accountancy Corp. v. United States*, 689 F.Supp. 1001, 1007 (N.D.Cal. 1988) (notices of levy improper where notices listed amounts not included in the notice of intent to levy), *rev'd on other grounds*, 937 F.2d 1485 (9th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 956, 117 L.Ed.2d 123 (1992); *cf. National Commodity & Barter*, 886 F.2d at 1246 n. 6 (notice not required where there is a finding of jeopardy).

■ Plaintiffs allege that they received only notice of intention to levy for 1984, while the levy was for amounts from both 1984 and 1981. *See* I R. tab 1, ex. A (notice of intention to levy for 1984); *id.* ex. B (notice of levy); I Supp. R. tr. at 18–19 (Mr. James' testimony that he had never received notice of intention to levy for 1981). On direct examination of an IRS agent, Mrs. James asked: "Can you explain why the plaintiff didn't receive a notice of intention to levy for 1981, which is also on the levy?"; and the agent answered: "I cannot explain because I believe he should have received the notice." I Supp. R. tr. at 37. On this record, we must hold that plaintiffs raised a genuine issue of fact requiring a denial of summary judgment on this issue. On remand, the district court should determine whether the government sent a notice of intention to levy for 1981. If not, the levy for the 1981 tax liability is invalid. *Cf. William E. Schrambling Accountancy Corp.*, 689 F.Supp. at 1007 (notice of levy including amounts not shown in notice of intention to levy was improper as to those amounts). On the other hand, summary judgment as to the portion of the levy based upon the 1984 tax liability was proper.

## II

■ In their complaint, plaintiffs requested injunctive relief from the levy on Mr. James' wages. Section 7421(a) of the Anti–Injunction Act, 26 U.S.C. §§ 7421–7434, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." To have subject matter jurisdiction to order such relief, the district court must find that plaintiffs' claim falls within an exception to that Act.

Neither of the two statutory exceptions to the Anti–Injunction Act, set forth at 26 U.S.C. §§ 6212(c)(1) and 6213(a), apply to

---

'unpaid or unearned wages. It is axiomatic, however, that an IRS levy on wages is a levy on the taxpayer's property. *See* I R. tab 1, ex. A ("AS PROVIDED BY SECTION 6331 OF THE INTERNAL REVENUE CODE, YOUR PROPER-TY OR RIGHTS TO PROPERTY MAY BE SEIZED. *THIS INCLUDES SALARY OR WAGES,* BANK ACCOUNTS, COMMISSIONS, OR OTHER INCOME.") (emphasis added).

this suit.[12] An additional exception was established in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). In *Enochs,* the Court held that if the evidence shows that the IRS could not ultimately prevail and that if equity jurisdiction otherwise exists, injunctive relief is available to protect a taxpayer from collection of taxes. *Id.* at 7, 82 S.Ct. at 1129; *accord Overton v. United States,* 925 F.2d 1282, 1284 (10th Cir.1991); *Lonsdale,* 919 F.2d at 1442.

As to the first of the *Enochs* requirements, plaintiffs argue that the IRS cannot prevail against their request for injunctive relief because the IRS did not come forth with documentation that it provided a Notice of Intention to Levy as required by § 6331(d). This allegation fails because, even assuming their claim were correct, plaintiffs have not shown that the IRS ultimately would be unable to provide such documentation.

Plaintiffs' claim of extraordinary circumstances is also unfounded. Although plaintiffs assert that Mr. James was lulled into inaction by a letter from the Problem Resolution Office of the IRS, that letter, I Supp. R. tab 30, ex. W, att. B, does not invite inaction or misinform plaintiff concerning whether the IRS intended to continue collection efforts. In addition, plaintiffs' allegations of financial difficulties stemming from the levy on Mr. James' wages, unsupported by documentary evidence, are not a basis for equity jurisdiction when the levy was created to collect a tax deficiency. *See Lucia v. United States,* 474 F.2d 565, 577 (5th Cir.1973) (en banc) ("hardship alone is insufficient to justify injunctive relief against the collection of taxes"); *Elias v. Connett,* 908 F.2d 521, 526 (9th Cir.1990) (claims of financial destitution brought about by levy, coupled with evidence of inability to pay deficiency in order to bring

refund suit, necessary to establish equity jurisdiction). Thus, plaintiffs failed to show that their case falls within the *Enochs* exception to the Anti–Injunction Act, and, consequently, pursuant to that Act, the district court did not have jurisdiction to rule on their request for injunctive relief.

In summary, to the extent that the district court lacked subject matter jurisdiction over plaintiffs' claims, as set out above, the district court's order granting summary judgment is VACATED, and the action is REMANDED for dismissal of those claims. To the extent that plaintiffs raised claims regarding the procedural propriety of the levy, the district court's order of summary judgment is AFFIRMED IN PART and REVERSED IN PART. On remand, the sole issue for determination is whether plaintiffs were sent the required § 6331(d) notice of intention to levy for 1981 and issues contingent upon that finding.[13]

**12.** These provisions prohibit assessment or collection of a deficiency during the ninety-day period during which the taxpayer may contest notice of deficiency through a petition to the Tax Court or during the period of time before the decision of the Tax Court on such claim is final. Although a taxpayer may have an action under § 6213(a) for injunctive relief if a taxpayer has not received a deficiency notice, *see Guthrie,* 970 F.2d at 736, the record demonstrates that plaintiffs received deficiency notices for both 1981 and 1984. *See supra* note 10.

**13.** If the district court should find no proper notice of intention to levy for 1981, it should address plaintiffs' claim for damages based upon an unauthorized disclosure of plaintiffs' return information under 26 U.S.C. § 7431. We express no opinion on the merits of that claim.