37 F.3d 1510
 74 A.F.T.R.2d 94-6790
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda SANDERS, Plaintiff-Appellant,
v.
UNITED STATES of America; Commissioner of Internal Revenue
Service; Gerald Swanson; Thomas Wilson; Lyle
Voss; Michael Perkins; Ruth Williams;
Eugene Cass, Defendants-Appellees.
 No. 94-1227.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Linda Sanders, a pro se litigant, appeals from an order of the United States District Court for the District of Colorado dismissing her action against the Internal Revenue Service (IRS) and individual employees of the IRS for lack of merit.
 
 
 3
 The complaint alleges a denial of due process under Colorado law in the seizure of Ms. Sanders' residence to enforce her income tax liability and alleges a failure to comply with Section 6331 of the Internal Revenue Code. The IRS moved to dismiss on the ground of sovereign immunity, and alternatively, for failure to state a claim. The district court granted the motion to dismiss for failure to state a claim, and we affirm.
 
 
 4
 Ms. Sanders claims her due process rights under the Colorado Constitution, Article II Sections 3, 7, and 25, were violated. She also claims the IRS and the IRS employees violated state law: (1) by not allowing Ms. Sanders to "search the Secretary of State's office in order to verify that lawful procedure had been followed"; (2) by placing a lien on her property without first obtaining a judgment; and (3) by not responding to Ms. Sanders' request for release of lien. The District Court found Ms. Sanders' complaint lacked merit and dismissed her complaint.
 
 
 5
 On appeal, Ms. Sanders argues she revoked her signature on previous tax returns by mailing a revocation to the IRS. Because she did not get a response from the IRS, Ms. Sanders claims this is equivalent to a situation in which no return was ever filed and therefore she was entitled to a Notice of Deficiency and an opportunity for a hearing. Ms. Sanders cites the Uniform Commercial Code (UCC) and Colorado state law to support this argument. However, the UCC and state law are not relevant to federal income tax in this context, and the Internal Revenue Code does not provide for such a revocation.
 
 
 6
 Ms. Sanders also argues on appeal the IRS has no authority to place a lien on her property because 26 U.S.C. 6331, Levy and distraint, was enacted regarding excise taxes on cotton, distilled spirits, opium, and sales taxes but does not apply to income taxes. We find no support for Ms. Sanders' contention that the original purpose of this section precludes placing a lien on property to secure income tax liability. Case law supports the IRS's interpretation of 6331. See United States v. National Bank of Commerce, 472 U.S. 713, 721 (1985) (finding 6331 permits a levy on a bank account for delinquent income taxes); United States v. Baggot, 463 U.S. 476, 481 (1983) ("The IRS ... is empowered to collect the [income] tax by nonjudicial means (such as levy on property or salary, 26 U.S.C. 6331, 6332)"). We also find no support for Ms. Sanders' argument that 6331 only permits liens against any "officer, employee, or elected official of the United States." See James v. United States, 970 F.2d 750, 755 n. 9 (10th Cir.1992) ("Section 6331(a) empowers the IRS to levy the property of all taxpayers") (citing Sims v. United States, 359 U.S. 108, 112-13 (1959)).
 
 
 7
 Accordingly, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470