UNITED STATES COURT OF APPEALS

**Filed 9/17/96**

TENTH CIRCUIT

ELMER E. GONZALES,              )
                                                 )

      Plaintiff-Appellant,        )
                                                 )

vs.                                       )           No. 96-2040
                                                 )    (D.C. No. CIV-95-978-JC)

UNITED STATES OF AMERICA,     )            (D. N.M.)
                                                 )

      Defendant-Appellee.        )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges[**]

In 1992, the IRS filed a tax lien on the property of Plaintiff Elmer Gonzales in Rio

Arriba County, New Mexico, relating to his failure to pay income taxes for the years

1983-1987.  Gonzales filed this action pro se in district court, seeking a declaration that

---

[*] This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R.36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9.  The case therefore is ordered submitted without oral argument.

the tax lien is void. He alleged that: (1) procedural defects existed in the assessment upon which the tax lien is based; (2) procurement of the lien was arbitrary and capricious; and (3) the lien was fatally flawed on its face.

The district court granted Defendant United States' motion to dismiss for lack of subject matter jurisdiction. The district court concluded that Gonzales was actually attacking the validity of the tax assessment underlying the tax lien and ruled that such an attack is barred by sovereign immunity. On appeal, Gonzales contends that he is only challenging procedural defects related to the tax lien, and thus that the government waived sovereign immunity under 28 U.S.C. § 2410. We have jurisdiction under 28 U.S.C. § 1291 and, upon de novo review, affirm.[1] See James v. United States, 970 F.2d 750, 753 (10th Cir. 1992).

Gonzales fails to point to a genuine procedural defect. His allegations that the tax assessment was procedurally defective, that the procurement of the lien was arbitrary and capricious, and that the lien was fatally flawed on its face are conclusory and unsupported by specific factual allegations in the pleadings or by evidence on the record. Likewise, Gonzales does not point to a procedural defect in the additional arguments raised in his summary judgment motion. He argues that the regulations regarding federal tax liens

_____

[1]To the extent Gonzales is challenging the underlying tax assessment upon which the lien is based, the district court was correct in concluding it lacked subject matter jurisdiction over this matter. See Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir. 1992) (holding such a challenge is barred by sovereign immunity).

were not published in the Federal Register and are not published in the proper location of the Code of Federal Regulations. He also argues that the revenue officer who signed the notice of federal tax lien filed against him was not authorized to issue tax liens. These arguments are meritless. Thus, a remand to district court would be a waste of judicial resources. Treasury Regulations § 301.6321-1 and § 301.6323(f)-1 authorize the filing of notices of tax liens. The regulations were published in the Federal Register. 26 C.F.R. §§ 301.6321-1, 301.6323(f)-1; see also Weigandt v. United States, 77 A.F.T.R.2d 96-724 (P-H) (E.D. Wash. Jan. 4, 1996) (rejecting identical argument). Moreover, they are found in Part 301 of Title 26 of the Code of Federal Regulations. Lastly, we reject the contention that employees of the IRS lack the power to issue liens. See Lonsdale v. United States, 919 F.2d 1440, 1445 & n.3, 1448 (10th Cir. 1990).

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge