**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGG MASON,

      Plaintiff - Appellant,

    v.

WALLY HUTTON, District Director,
IRS,

      Defendant - Appellee.

No. 97-1327

D. Colorado

(D.C. No. 97-N-1000)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gregg Mason appeals from the district court's dismissal of his pro se complaint against Wally Hutton, Rocky Mountain District Director of the Internal Revenue Service ("IRS"). We affirm.

## BACKGROUND

This action began when Mason filed a complaint in the Denver County Small Claims Court, claiming that Hutton owed him $5000 because of an incorrect tax lien placed on his personal property and credit report. R. Vol. I, Tab 1 Ex. A. The government timely removed the action to the United States District Court for the District of Colorado. After the matter was referred to a magistrate judge, the government moved to dismiss or, in the alternative, for a more definite statement. The government argued that since the claim was against Hutton in his official capacity, the real party in interest was the United States; it also argued that Mason had failed to allege any waiver of sovereign immunity.

Mason responded that "Mr. Walter A. Hutton, his company named 'IRS,' Norwest Bank, and employees of Norwest Bank conspired to steal/embezzle money from my checking account," and that the "'IRS' put tax liens on . . . credit reports" and on "personal property that belongs to me." Id., Tab 11. Mason sought his money back and other damages.

The magistrate judge treated Mason's response as a motion to amend the complaint, which he granted. The government then moved to dismiss the amended complaint for lack of subject matter jurisdiction, or alternatively, for a more definite statement. Recommending that the matter be dismissed, the magistrate judge noted that, while the suit apparently arose from a tax lien, the action was not filed in any "legally cognizable way." Id., Tab 18. In response to the magistrate judge's recommendation, Mason filed additional papers, which the district court treated as objections and overruled. The district court then adopted the magistrate judge's recommendation, and it entered judgment dismissing the complaint. Supp. R. Vol. I, Tab 22. Within the time for filing a notice of appeal, Mason filed a docketing statement and brief in this court which included the final judgment.[1]

**DISCUSSION**

Although sufficient to satisfy the requirements for perfecting an appeal under Fed. R. App. P. 3, the papers which Mason filed with us present no facts, argument, or law showing any error in the district court's ruling. Mason simply states in conclusory fashion that he wants "to know why Mr. Walter A. Hutton

---

[1] The government correctly concedes that such filing serves as the functional equivalent of a notice of appeal. Appellee's Br. at 7; see Smith v. Barry, 502 U.S. 244, 248-49 (1992).

. . . refuses to provide proof and documentation that I owe them money," and "to know what law or authority that allows Mr. Walter A. Hutton or anyone to take money from my checking account and family, when I don't owe them any money."[2] Appellant's Response to Notice of Jurisdictional Defect at 17. Additionally, Mason states that he "filed this appeal because I had no where else to go for justice."

While we construe pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), that liberality does not entitle pro se litigants to review of conclusory assertions of district court error. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). Moreover, "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). As noted, Mason has utterly failed to frame the issues in this appeal, and therefore

---

[2]Neither party has provided any factual or procedural background respecting the lien. Mason simply denies owing Hutton or the IRS any money. The government appears to have expended a considerable effort defending this suit and has extensively briefed the jurisdictional and legal issues. However, it has given no information regarding its dealings with Mason, or the basis for its lien.

his pleadings do not properly invoke review.  Murrell v. Shalala, 43 F.3d 1388, 1389 n.2. (10th Cir. 1994).

Nonetheless, inasmuch as the government has argued the merits without asserting waiver, and since our review of a district court's dismissal for lack of subject matter jurisdiction is de novo, Painter v. Shalala, 97 F.3d 1351, 1355 (10th Cir. 1996), we will briefly address the merits of the dismissal.

As the government correctly argues, a suit against an individual employee/agent of the United States for acts done in the individual's official capacity is actually a suit against the United States.  Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996).  Thus, the doctrine of sovereign immunity applies, and Mason bears the burden of showing that the United States has waived sovereign immunity.  Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992).  Additionally, pursuant to the Anti-Injunction Act, subject to certain exceptions, Mason may not maintain any suit for the purpose of restraining the collection of any tax.  I.R.C. § 7421.  Likewise, the tax exception provision of the Declaratory Judgment Act, 28 U.S.C. § 2201, prohibits declaratory judgments in matters relating to an individual's federal taxes.  Fostvedt, 978 F.2d at 1203.

Accordingly, Mason's challenge to the assessment and collection of his taxes and the validity of the lien, as well as any consequent claim for damages, is limited by the doctrine of sovereign immunity and by the statutes which waive

that immunity. See id. at 1203 n.4; see also Dahn v. United States, 127 F.3d 1249, 1251 (10th Cir. 1997) (strictly construing the statutory requirements for quiet title action under 28 U.S.C. § 2410(b)). In this case, Mason has simply failed to bring his action in compliance with any of the statutory provisions which might authorize the suit, either in the Tax Court, or the Court of Federal Claims, or the district court.[3] See, e.g.,I.R.C. § 6213(a) (providing for prepayment suits); I.R.C. § 7422 (governing suits for refund); 28 U.S.C. § 2410 (governing suits to quiet title); I.R.C. § 7433 (allowing suits for damages caused by the reckless or intentional disregard of the law by IRS employees in the collection of taxes); I.R.C. § 7432 (authorizing suit for damages arising out of the failure to release a lien as required under I.R.C. § 6325); see also Dahn, 127 F.3d at 1251; United States v. Williams, 514 U.S. 527, 532 (1995); Armstrong v. Commissioner, 15 F.3d 970, 973 n.2 (10th Cir. 1994).

Therefore, we AFFIRM the district court's dismissal for lack of subject matter jurisdiction. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]While these statutes may seem highly technical to a layperson, there are extensive materials available, some provided by the IRS itself, which explain the steps necessary to contest and resolve disputed tax matters.

- 6 -