T.C. Memo. 2007-236

UNITED STATES TAX COURT

MICHAEL C. DODGE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18365-05.                    Filed August 20, 2007.

Michael C. Dodge, pro se.

Bruce K. Meneely, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a deficiency of

$18,931 and additions to tax pursuant to sections 6651(a)(1),[1]

6651(a)(2), and 6654(a) of $4,259.47, $2,366.37, and $632.58,

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

respectively for 2002. After concessions,[2] the issues for decision are whether petitioner is liable for the additions to tax pursuant to sections 6651(a)(1) and 6654(a) for 2002.

FINDINGS OF FACT

At the time he filed the petition, petitioner resided in Arkansas. Petitioner failed to timely file a Federal income tax return for 2002.

OPINION

## Burden of Proof

Section 7491(c) provides that the Commissioner shall bear the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, supra at 446-447.

---

[2] Respondent conceded that petitioner is not liable for the addition to tax pursuant to sec. 6651(a)(2). Respondent also conceded that the amount of the deficiency and the additions to tax pursuant to secs. 6651(a)(1) and 6654 are reduced to $13,585, $3,396.25, and $453.98, respectively. Petitioner conceded that he is liable for the reduced deficiency.

Additions to Tax

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, and section 6654(a) imposes an addition to tax for failure to pay estimated income tax. Petitioner stipulated he did not timely file his return and conceded that he failed to pay the required amount of estimated income tax for 2002. Accordingly, respondent satisfied his burden of production regarding the additions to tax.

At trial and on brief, petitioner stated that his sole challenge to the additions to tax is that Forms 1040, U.S. Individual Income Tax Return, do not comply with the Paperwork Reduction Act of 1995 (PRA), 44 U.S.C. sections 3501-3520 (2000), and consequently respondent cannot impose additions to tax pursuant to sections 6651(a)(1) and 6654(a). Petitioner is incorrect. The requirement to file tax returns represents a "legislative command, not an administrative request", and the PRA provides no "escape hatch" from additions to tax for failing to file tax returns or failing to pay estimated income taxes. Salberg v. United States, 969 F.2d 379, 384 (7th Cir. 1992); Beam v. Commissioner, 956 F.2d 1166 (9th Cir. 1992), affg. T.C. Memo. 1990-304 and Warden v. Commissioner, T.C. Memo. 1990-321; accord James v. United States, 970 F.2d 750, 753 n.6 (10th Cir. 1992) ("lack of an OMB number on IRS notices and forms does not violate" the PRA); United States v. Hicks, 947 F.2d 1356, 1359

(9th Cir. 1991); <u>United States v. Kerwin</u>, 945 F.2d 91, 92 (5th Cir. 1999) (per curiam); <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 208 (2006) ("The Paperwork Reduction Act is not a defense to the addition to tax under section 6651(a)(1), nor does it create a loophole in the Code").

We conclude that petitioner is liable for the section 6651(a)(1) and section 6654(a) additions to tax.  See also Rule 142(a).

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.