Jerry Lee VANDAGRIFF, Plaintiff,

v.

Tanya WHITE, Individually, Cherly Sherwood, Individually, Defendant.

No. 08–CV–386–TCK–TLW.

United States District Court, N.D. Oklahoma.

May 7, 2009.

Jerry Lee Vandagriff, Tulsa, OK, pro se.

Robert Eugene Fay, U.S. Department of Justice, Washington, DC, for Defendant.

## *ORDER*

TERENCE KERN, District Judge.

Before the Court is United States' Motion to Dismiss (Doc. 7); Plaintiff's Motion to Strike (Doc. 8); and Plaintiff's Motion for Finding Rule 11 Violations (Doc. 9).

### I. Background

Plaintiff Jerry Lee Vandagriff ("Plaintiff") filed a pro se Complaint in Tulsa County District Court against two employ-

ees of the Internal Revenue Service ("IRS"), Tanya White ("White") and Cheryl Sherwood ("Sherwood"). Plaintiff's Complaint requests that the Court declare that a Notice of Federal Tax Lien ("Notice"), attached as Exhibit 1 to the Complaint, "be held invalid, illegal and unconstitutional with direction to have the County Recorder remove said notice of federal tax lien from the record ab initio." (Compl. 6.) Construing his Complaint in its most favorable light, Plaintiff alleges that the Notice is (1) "not authorized by the Fifth Amendment as it was not derived from any trial," (2) "was not issued by any State entered into the Union," and (3) "is intending to deprive Plaintiff of his property without due process." (*Id.* 3.) Presumably, Plaintiff named White and Sherwood as defendants because Sherwood executed the Notice, and White's name appears on the Notice as the party for whom Sherwood signed. Plaintiff alleges that White and Sherwood authorized the Notice "purportedly under color of their official capacity" but that they "knew or should have known at the time they signed their names" to the Notice that "they had no record or judgment from any State." (*Id.* 5–6.)

The United States removed the action pursuant to 28 U.S.C. § 1442(a)(1) and then filed a motion to dismiss asserting sovereign immunity. Plaintiff filed a "motion to strike," which requested that the Court (1) remand the action to state court, and (2) strike and/or deny the United States' motion to dismiss. Plaintiff also moved for sanctions against the United States, arguing that the United States violated Rule 11 by signing the Notice of Removal when it was not named as a defendant in the lawsuit.

**II. Motion to Remand/Motion for Sanctions**

The United States removed the case pursuant to 28 U.S.C. § 1442(a)(1),

which provides that an action may be removed when it is asserted against "[t]he United States (or any person acting under that officer) of the United States or of any agency thereof, *sued in an official or individual capacity for any act under color of office.*" (emphasis added). The Court concludes that removal by the United States was proper because the wrongful actions allegedly performed by White and Sherwood—executing and recording the Notice—are clearly acts committed under the color of their office as IRS employees. Sherwood signed her name, for and on behalf of White, on IRS Form 668(Y)(c) next to her title of Revenue Officer. The Notice clearly states that it is filed by the "Department of Treasury—Internal Revenue Service" and that its purpose is to place others on notice of the lien interests claimed by the United States. There can be no question that the alleged wrongful actions were taken "under color of office" and that the United States was entitled to remove the action pursuant to § 1442(a)(1).

There also can be no question that the United States is the real party in interest in this suit because, despite use of the word "individually" in the case caption, Sherwood and White are being sued in their official capacities. *See Mason v. Hutton,* No. 97–1327, 1998 WL 161151 (10th Cir. March 31, 1998) (plaintiff sued an IRS employee for wrongfully placing tax liens on plaintiff's credit reports and personal property, court accepted the government's argument that defendant was sued in his official capacity and that United States was real party in interest). Plaintiff himself alleges that the Notice "was in fact issued under color of such Executive Authority." (Compl. 1.) Although Plaintiff later alleges that White and Sherwood "knew or should have known at the time they signed their names" to the Notice that "they had no

record or judgment from any State," (*see* Compl. 5–6), the rest of the allegations in the Complaint make clear that Plaintiff believes the Notice was wrongfully filed due to constitutional infirmities underlying the Notices. The Complaint does not allege a personal motive or any other fact tending to show that Sherwood and White acted in anything other than their official capacities in executing and recording the Notices. Accordingly, the United States is the real party in interest and had authority to remove the action. *See Hutton,* 1998 WL 161151, at * 2 ("[A] suit against an individual employee/agent of the United States for acts done in the individual's official capacity is actually a suit against the United States."). Based on this finding, there is no basis for the imposition of sanctions against the United States, and such motion will be denied.

### III. Motion to Dismiss

█ The United States moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) based on the doctrine of sovereign immunity. Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take one of two forms—a facial attack on the complaint's allegations or a factual attack based on an evidentiary record. *Stuart v. Colo. Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir.2001). "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* In this case, the United States makes a facial attack on the Complaint's allegations, arguing that, accepting all allegations as true, the Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity.

█ As explained above, this suit against two IRS employees in their official capacities is actually one against the United States. *See Hutton,* 1998 WL 161151, at *2. "The United States may not be sued

unless it waives its immunity from suit." *James v. United States,* 970 F.2d 750, 753 (10th Cir.1992). "The terms of the consent define the court's jurisdiction," and "[w]aivers of sovereign immunity are to be read narrowly." *Id.* "The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *Id.*

Plaintiff, appearing pro se, did not respond to the motion to dismiss. In his motion to strike, he did not identify any statutory waiver of immunity. Instead, Plaintiff requested that the Court strike the motion to dismiss as improperly filed. Therefore, Plaintiff has failed to meet his burden of proving a waiver of immunity, and the motion to dismiss may be properly granted on that ground alone.

In its motion to dismiss, the United States identified 28 U.S.C. § 2410 as the only potentially applicable waiver of immunity. However, for reasons set forth in the United States' motion to dismiss, the Court finds that such waiver does not apply to Plaintiff's claims. Relevant to this case, § 2410 waives immunity for suits against the United States "to foreclose a mortgage or other lien upon ... real or personal property on which the United States has or claims a mortgage or other lien." Even assuming this case is one to "foreclose a lien upon" Plaintiff's real property, the Tenth Circuit has held that § 2410 only "provides a waiver of sovereign immunity for taxpayers challenging procedural irregularities in the establishment of a lien." *See James,* 970 F.2d at 753. The Tenth Circuit has held that this section "does not waive sovereign immunity for claims that the taxpayer does not owe the taxes in question" or to claims that the United States "does not have authority to assess taxes." *Id.* at 753, 755.

In this case, Plaintiff's underlying theory that the Notice is invalid has nothing to

do with procedural "irregularities." *See, e.g., id.* at 754 (holding that plaintiff's pro se materials raised "colorable arguments about the procedures used for notification, assessment, and collection of the deficiency against [the plaintiff], and not just about the validity of the assessment itself"). Instead, Plaintiff's theory for invalidating the Notice appears to be that, in order for the Notice to be valid, it must have been "derived from" a trial or issued by a state. (*See* Compl. ¶ 11 (Notice was "not authorized by the Fifth Amendment as it was not derived from any trial required and reserved by all State Citizens under Article III, Section, 2, Clause 3"), ¶ 12 (Notice was "not issued by and Stated entered into the Union under Article IV, Section 1 and Section 4"), ¶ 28 (Defendants "knew or should have known at the time they signed their names to [the Notice] they had no record or judgment from any State").) The Court finds that Plaintiff's allegations do not amount to "procedural irregularities" but instead amount to a challenge to the United States' ability to record Notices of Federal Tax Liens under any circumstances. As argued by the United States, if the waiver does not extend to challenges of the United States' authority to "assess taxes," it is also broad enough to extend to challenges to its authority to engage in tax collection activities such as filing Notices. *See James,* 970 F.2d at 755.

The United States' Motion to Dismiss (Doc. 7) is GRANTED; Plaintiff's Motion to Strike (Doc. 8) is DENIED; and Plaintiff's Motion for Finding Rule 11 Violations (Doc. 9) is DENIED. This matter is hereby DISMISSED with prejudice.[1]

---

1. Dismissal, rather than remand, is the appropriate course of action under the circumstances presented. *See Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 554 (10th Cir.2000) (defendants removed under section 1442(a)(1), federal defendants moved to dismiss based on sovereign immunity, and district court dismissed federal defendants and remanded state-court claims); *Beneficial Consumer Discount v. Poltonowicz,* 47 F.3d 91, 97 (3d Cir.1995) (IRS removed actions pursuant to § 1442(a)(1), district court dismissed claim against IRS based on doctrine of sovereign immunity, and Third Circuit upheld such dismissal).