┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2015[*]
Decided May 26, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3751

| | |
|---|---|
| RICHARD M. O'DONNELL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-cv-1238-JPG-PMF |
| UNITED STATES OF AMERICA, et al., *Defendants-Appellees*. | J. Phil Gilbert, *Judge.* |

**O R D E R**

Although Richard O'Donnell earns an income, he has not paid federal income taxes for at least 20 years. To collect the unpaid taxes, the Internal Revenue Service levied O'Donnell's Social-Security and pension benefits, 26 U.S.C. § 6331, and issued liens on the debt. O'Donnell then brought this suit, alleging that the IRS improperly levied his benefits; in his view the IRS lacked authority to collect unpaid federal income taxes from him because he was not an employee of the federal government or of the pension funds. He asked the court to refund the amount that had been levied; to issue compensatory

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

damages; to release all liens, levies, and tax refunds; and to award him the costs of the suit.

The district court granted the defendants' motion to dismiss the complaint. The court determined, first, that sovereign immunity barred O'Donnell's claims seeking the release of levies and liens, *see* 26 U.S.C. § 7421(a), and second, that O'Donnell had not satisfied the necessary prerequisites to qualify for the limited waiver of sovereign immunity provided for in tax refund cases, *see id.* § 7422(a). In addition, the court addressed the merits of O'Donnell's claims and found them frivolous, including his "fundamental" claim based on a reading of the second sentence of the general levy authorization statute that in his view subjected only the property of federal-government employees to levy. *See id.* § 6331(a).[1]  The second sentence of § 6331, the court explained, "does not limit the IRS's power to use levies pursuant to the first sentence," which authorizes levies upon the property of all taxpayers.

On appeal O'Donnell does not contest the district court's dismissal of his claims on sovereign-immunity grounds, but maintains that that the IRS lacks authority to levy his social-security and pension benefits because he is not a federal "officer, employee, or elected official." 26 U.S.C. § 6331(a). The second sentence of § 6331(a) does specifically authorize the IRS to levy wages from federal employees. But the first sentence of § 6331(a) empowers the IRS to levy the property of "any person liable to pay any tax." *See Sims v. United States*, 359 U.S. 108, 112–13 (1959) (reference in § 6331(a)'s second sentence intended to subject federal employees' salaries to the "same collection procedures as are available against all other taxpayers"); *James v. United States*, 970 F.2d

---

[1]  The first two sentences of 26 U.S.C. § 6331(a) read:

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official.

750, 755 n.9 (10th Cir. 1992) ("Section 6331(a) empowers the IRS to levy the property of all taxpayers."). And O'Donnell, as an income-earner, must pay income taxes. *See Szopa v. United States*, 453 F.3d 455, 456 (7th Cir. 2006); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999); *United States v. Sloan*, 939 F.2d 499, 499–501 (7th Cir. 1991).

**AFFIRMED.**