VICTOR D. McMAHAN and CORA C. McMAHAN, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent; VICTOR D. McMAHAN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McMahan v. Commissioner
Docket Nos. 15475-83, 17089-83.
United States Tax Court
T.C. Memo 1985-191; 1985 Tax Ct. Memo LEXIS 440; 49 T.C.M. (CCH) 1257; T.C.M. (RIA) 85191; April 18, 1985. Victor D. McMahan, pro se. Diane L. Worland, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies and additions to tax: Additions to Tax
Docket No.
Year
Deficiency
§ 6653(a)
§ 6653(b)
§ 6654 [1]
15475-83
1979
$2,893.47
$144.67
17089-83
1980
4,608.00
$2,304.00
$229.00
1981
4,338.00
2,169.00
332.00
The issues for decision are: (1) whether petitioners in docket no. 15475-83 have substantiated, and therefore are entitled to, the deductions and credit *442 claimed on their 1979 income tax return; (2) whether petitioners in docket no. 15475-83 are liable for an addition to tax under section 6653(a) for underpaying income tax due to negligence or intentional disregard of rules and regulations; (3) whether petitioner in docket no. 17089-83 has failed to report income in 1980 and 1981; (4) whether petitioner in docket no. 17089-83 is liable for the additions to tax under section 6653(b) for fraudulently underpaying income tax; (5) whether petitioner in docket no. 17089-83 is liable for the additions to tax under section 6654 for underpayment of estimated taxes; and (6) whether damages under section 6673 are to be awarded either in docket no. 15475-83 or in docket no. 17089-83, or both. FINDINGS OF FACT Victor D. McMahan (Victor) and his wife, Cora C. McMahan (Cora), are petitioners in docket no. 15475-83. Victor alone is the petitioner in docket no. 17089-83. Victor and Cora resided in Wabash, Indiana, on the date (June 13, 1983) *443 they filed the petitions herein. The cases were consolidated for purposes of trial, briefing, and opinion on May 9, 1984. During the years in issue, Victor was employed by Bruce Petro Olds-Cadillac, Inc. as the parts manager. Cora was employed by McDonald's Restaurants as a waitress. On April 24, 1979, Victor received a Certificate of Ordination proclaiming him to be a minister of the Life Sciences Church. It was signed by "Right Rev. Peter Beaumont, D. D.," the "Presiding Archbishop." [2] Both Victor and Cora executed vows of poverty on December 31, 1979, and recorded them on January 7, 1980, in the Office of the Recorder of Kosciusko County, Indiana. Also on December 31, 1979, Victor and Cora executed a Quit Claim Deed conveying their home to the Church of Parry Drive, Chapter 13345; this deed was recorded in Kosciusko County on February 25, 1980. Of the $15,427.22 of itemized deductions claimed by Victor and Cora on their 1979 joint Federal income tax return, $10,349.05 was for *444 charitable contributions, and $3,808.42 was for interest expense. They also claimed a residential energy credit of $62.47. During 1980, Victor was paid weekly by Bruce Petro Olds-Cadillac. The payroll checks he received covering the periods January 1, 1980, through February 22, 1980, were endorsed "Victor D. McMahan." The checks he received for the period February 29, 1980, through May 30, 1980, were endorsed "Victor D. McMahan, For Deposit Only - The Church at Parry Drive." Payroll checks for the remainder of 1980 were endorsed "Victor D. McMahan." The total amount of wages Victor received for 1980 was $19,829.34. He limited the sum that was withheld from his income by submitting to his employer, on April 1, 1980, a Form W-4 (Employee's Withholding Certificate) claiming ten allowances. [3]
In a subsequent Form W-4 submitted to Bruce Petro Olds-Cadillac submitted on January 2, 1981, Victor claimed to be exempt from withholding and thus avoided all withholding from his 1981 wages, which totaled $19,305.25. *445 The basis for his exemption claim was that, as he stated in a letter to his employer, he was a minister of the Church of Christ, L. S. C., [4] of the Order of Almighty God, and therefore any remuneration to him was property of the Order. Victor did not file a tax return for either 1980 or 1981. On February 12, 1982, he was notified of an examination of his 1980 taxable year. The scope of the examination was extended on April 30, 1982, to cover the 1981 taxable year. From the outset, Victor's correspondence with respondent was replete with frivolous claims.On April 6, 1983 (following receipt of the notices of deficiency, which were mailed on March 18, 1983), he sent a letter to the Chief of the Collection Branch in Memphis, Tennessee, in which he claimed to be no longer liable for income taxes and explained that he was, a natural individual and unenfranchised freeman who has not knowingly requested or exercised any government privilege. Thus I conclude I am not a person liable for any indirect tax imposed on the exercise of privilege, whether measured by 'income derived,' or otherwise. This same argument is basically reiterated in the petitions, *446 filed June 13, 1983, and in an affidavit (in which he asserts that he is "not a person required to 'file' an 'income tax form' or pay a 'tax'"), dated September 13, 1983, revoking his signature on "all so-called 'income tax returns' or 'forms 1040' which at any time past [he] might have ever caused to be signed * * *." Victor's attested purpose for this affidavit was to relieve respondent of any authority or jurisdiction to assess tax which Victor believed he might have created by having signed forms which he was "fraudulently deceived" into signing by respondent's "propaganda." [5]
Prior to, during, and even following trial, Victor insisted on making frivolous arguments (never once addressing the merits of respondent's determined deficiencies) and on flooding this Court with nonsensical motions. He proceeded in this manner despite having been informed by respondent, in a letter dated March 16, 1984, that his claims were frivolous and groundless and that respondent would make a motion for damages under section 6673 if petitioners persisted in advancing these arguments. This letter was accompanied by copies *447 of several cases in which this Court declared the same arguments as those made by petitioners to be frivolous and awarded damages to the United States pursuant to section 6673. OPINION Docket Number 15475-83
On their income tax return for 1979, petitioners claimed a charitable contribution deduction of $10,349.05, an interest expense deduction of $3,808.42, and a residential energy credit of $62.47. Respondent disallowed all of the above for lack of substantiation. The burden is on petitioners to prove that respondent's disallowance is incorrect. ; Rule 142(a). Petitioners have introduced no evidence or testimony that is even remotely relevant to the question of the claimed deductions or credit, let alone any evidence sufficient to convince us that respondent erred in disallowing these items. It is unfortunate that petitioners have devoted all their time and energy to making frivolous arguments rather than garnering evidence that might have supported their claim to the deductions and credit. Respondent's determination is accordingly sustained. Petitioners also have the burden of proving that the underpayment which *448 resulted from the disallowance of the deductions and credit was not due to negligence or intentional disregard of the rules and regulations. Not having borne this burden, petitioners are liable for the addition to tax under section 6653(a). Docket Number 17089-83
The issues in this docket, covering 1980 and 1981, are somewhat different than those in docket number 15475-83, covering 1979. Whereas Victor and Cora filed an income tax return for 1979, albeit with inaccurate information, they failed to file returns, failed to pay income tax, and failed to have taxes withheld or pay estimated taxes for 1980 or 1981. Respondent's determination for 1980 and 1981 does not involve specific disallowed deductions or credits as it did for 1979, but rather respondent determined that (1) Victor [6] received income in 1980 and 1981, (2) Victor was required to file a tax return for those years but did not do so, and (3) there are underpayments of income tax which are due to fraud. The burden is on petitioner to prove respondent incorrect as to the first two points. Respondent has the burden of proof as to the last. *449 Respondent determined that Victor's taxable income was $19,829.34 in 1980 and $18,305.25 [7] in 1981 and that he had to pay tax on such amounts. Respondent also alleges that Victor failed to file a return for either year. Victor has failed to prove respondent wrong; Victor has not claimed that he did not receive the alleged sums nor that he in fact did file returns. Instead of contesting respondent's asserted facts or attempting to make a valid and cogent legal argument, Victor has made various frivolous arguments that have no basis on legal reality. Victor's first argument is that wages are not income. This argument has long been dismissed as nonsense. Sec. 61; . He next has argued that he is neither a person subject to the Code nor an employee as defined in the Code. Among his claims is that only corporations and those engaged in "privileged professions" are statutorily subject to the "excise" tax. He also reads the definition of employee in section 3401(a) as excluding individuals *450 from liability for the income tax. The language of that subsection does not support such a claim. Victor has further asserted that the liability imposed by sections 6001 and 6011 are too far removed from the Code section that imposes the income tax (section 1) to be operative. Another approach he has taken is that the Code does not say specifically that "I, Victor D. McMahan and my wife, Cora C. McMahan are 'liable' for an 'income tax'." And finally Victor has claimed that by revoking his signature on his income tax forms he has divested respondent of the authority to collect tax from him. [8] That these arguments have no merit is obvious; we need not discuss them. See Therefore, we find that Victor had taxable income in 1980 and 1981 of $19,829.34 and $18,305.25, respectively, and that he was required, but failed, to report such income, which resulted in an underpayment of Victor's income taxes for those years. We hold that Victor owes income tax on these sums, as determined by respondent. *451 Respondent requests that we impose the addition to tax under section 6653(b). For us to impose this addition to tax, respondent must prove by clear and convincing evidence that some part of an underpayment was due to fraud. Sec. 7454(a); ; Rule 142(b). To do so, he must establish that Victor intended to evade taxes believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; , affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. ; , affd. without published opinion . Fraud will never be presumed. .Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely *452 available. , affd. ; . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; ; . The unrefuted facts clearly and convincingly establish Victor's intent to evade the income taxes that he knew to be owing. Victor knew he was required to file income tax returns and pay the concommitant tax. This is evident from his own admission that he had done so for at least ten years prior to 1980. The actions he took, beginning with the establishment of his purported church and the unsubstantiated charitable contributions in 1979, and the subsequent intentional failure to file returns and the submission of false withholding certificates for 1980 and 1981, all point to an intent to conceal his income and prevent collection of the tax due. ; *453 ; . Accordingly, we sustain respondent's determinations under section 6653(b). In addition, Victor is liable for the addition to tax under section 6654 for underpayment of his estimated tax. As no tax was withheld during 1980 and 1981, and Victor made no estimated tax installments as required by section 6654, the addition to tax under that section is automatic. Damages
Finally, we must decide if damages are to be awarded under section 6673 in either or both dockets; and if so, in what amount. For proceedings commenced in this Court after December 31, 1982, or if commenced prior thereto, still pending as of November 15, 1984, section 6673 permits us to award damages to the United States in an amount not in excess of $5,000 whenever it appears to us that the proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position is frivolous or groundless. Petitions in both dockets were filed on June 13, 1983. Each consists solely of arguments that are frivolous and are used simply to delay the payment *454 of tax. We have admonished petitioners in many cases that have preceded the instant one that the argument that wages are not income or that they are not persons subject to the Internal Revenue Code, will simply not be accepted as anything more than nonsense and could subject them to an award of damages under section 6673. Petitioners had ample warnings of the position of this Court; respondent sent them copies of cases that said as much. Therefore, they knew, or reasonably should have known, that if they persisted in wasting the Government's time and resources, as well as that of this Court, damages up to $5,000 could be awarded. Respondent correctly points out that we have before us two distinct dockets that have been consolidated simply for purposes of briefing, argument and decision. Considered separately, each docket qualifies as a case warranting the award of section 6673 damages. Respondent therefore requests that we award the maximum $5,000 in each docket. This we will not do. The case covering 1979 involves both husband and wife; the case for 1980 and 1981 involves only the husband. Although we are dealing with a situation in which the legal ramifications of liability *455 may be different as between the parties in the two dockets, we are not dealing with radically different sets of petitioners. Every step in each docket was performed in lockstep with each other. Therefore, we shall limit the award of damages to the United States under section 6673 of $5,000 in the aggregate and allocate the award between the two dockets as follows: $1,000 in docket number 15475-83 and $4,000 in docket number 17089-83. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On November 25, 1981, Peter and Barbara Beaumont were convicted, along with others, for conspiracy to defraud the Government of taxes by selling "church packages" to residents of Indiana.↩
3. This followed the submission of a Form W-4 on January 18, 1978, wherein he claimed zero allowances, and one on April 25, 1979, wherein he claimed six allowances.↩
4. Life Sciences Church.↩
5. Victor had filed returns for at least ten years prior to 1980.↩
6. Neither Victor nor Cora filed an income tax return for 1980 or 1981, but only Victor was examined by respondent and only Victor was issued a deficiency notice. The assumption in the deficiency notice is that Victor's filing status is as a married individual filing separately.↩
7. The notice of deficiency allows Victor one personal exemption ($1,000) to be netted against his gross earnings of $19,305.25.↩
8. Fortunately for petitioners, we do not take Victor's claim of revocation seriously; if we did, we would necessarily have to find that no return for 1979 was filed, as an unsigned return is considered a nullity. Such a finding would result in additions greater for that year than we have already imposed.↩