39 F.3d 1191
 74 A.F.T.R.2d 94-6967
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harvey F. BURGE, Plaintiff,
and Linda H. BURGE, also known as Linda H. Sanders,
Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE OF THE UNITED STATES, named:
United States, Commissioner of Internal Revenue; Eugene
Cass, Internal Revenue Officer; Ruth Williams, Internal
Revenue Officer; Gerald F. Swanson, District Director;
Thomas W. Wilson, Assistant District Director; Lyle Voss,
Special Procedures Officer; Michael Perkins, Disclosure
Officer, Defendants-Appellees.
 No. 94-1063.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 The panel has examined the briefs, the appellate record, and appellant's Statement and Application For Oral Argument, which was filed on August 18, 1994. We have determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Linda Sanders filed this appeal to challenge the district court's dismissal of the complaint she filed against the United States and numerous employees of the Internal Revenue Service.[2] Ms. Sanders argues the IRS improperly levied on her home after determining that she and her ex-husband failed to pay tax resulting from certain capital gains reported on their 1990 and 1991 returns. The district court determined the claims against the United States were barred because sovereign immunity had not been waived. The court also held no action could lie against the individual defendants under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We affirm.
 
 
 4
 The United States may only be sued if it consents. United States v. Dalm, 494 U.S. 596, 608 (1990). "Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." Fostvedt v. United States, 978 F.2d 1201, 1202 (10th Cir.1992), cert. denied, 113 S.Ct. 1589 (1993).
 
 
 5
 On appeal, Ms. Sanders maintains the district court had jurisdiction pursuant to the following statutes: 28 U.S.C. 1331, 1346, and 2410; 42 U.S.C.1983; 26 U.S.C. 7432 and 7433; 28 U.S.C. 2674 and 2679; and, finally, 26 U.S.C. 7421. The district court dismissed each of these asserted bases, concluding that Ms. Sanders failed to establish subject matter jurisdiction. We must do likewise.
 
 
 6
 This court has held, in unequivocal terms, that general jurisdictional statutes may not act to waive sovereign immunity. Lonsdale v. United States, 919 F.2d 1440, 1443-44 (10th Cir.1990). Consequently, 28 U.S.C. 1331 cannot provide jurisdiction. Equally unavailing is the assertion of jurisdiction under 28 U.S.C. 1346. That statute waives sovereign immunity for refund suits filed to recover taxes already paid. This is not a refund action.
 
 
 7
 In addition, Ms. Sander's vigorous argument notwithstanding, 42 U.S.C.1983 requires that the defendants act under color of state law. The IRS agents in this case did not. Therefore, we also reject that statute as a basis for jurisdiction. Claims asserted under the Federal Tort Claims Act, 28 U.S.C. 2674 and 2679, are likewise barred because they involve "the assessment or collection" of tax. 28 U.S.C. 2680(c).
 
 
 8
 Further, although 28 U.S.C. 2410 waives sovereign immunity in cases seeking to quiet title to "real or personal property on which the United States has or claims a mortgage or other lien," this is not that type of action. "[T]his and other courts have rejected attempts by taxpayers to invoke the waiver ... for the purpose of circumventing the time honored 'pay first, litigate later' rule, by framing their contest of the Government's tax assessment or collection actions in the guise of a quiet title action." Lonsdale, 919 F.2d at 1443. There is nothing in the complaint even referencing an effort to quiet title to the property. This is not a 2410 action.
 
 
 9
 Ms. Sanders also invokes 26 U.S.C. 7432 and 7433 as jurisdictional predicates. To bring an action under these statutes, the taxpayer must exhaust her administrative remedies. Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992); see also 26 U.S.C. 7433(d)(1). This requires filing a request for a certificate of release pursuant to 26 U.S.C. 6325(a). See Overton v. United States, 925 F.2d 1282, 1284 (10th Cir.1991)(noting that a request for certificate of release must include name and address of taxpayer, a copy of the federal tax lien, and an explanation of the grounds for release). Because she did not comply with this prerequisite, Ms. Sanders may not rely on these statutes.
 
 
 10
 On appeal, Ms. Sanders argues for the first time that she was entitled to a deficiency notice. She maintains that the failure to provide her with one violated due process, and resulted in an unconstitutional levy on her property. She contends the cause of action is justiciable because the government has waived sovereign immunity for this claim under an exception to the Anti-Injunction Act. See Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir.1992)(noting that 6213(a) of the anti-injunction act authorizes an injunction prohibiting a levy where the taxpayer has not received a notice of deficiency). We reject this challenge.
 
 
 11
 "As a general rule we refuse to consider arguments raised for the first time on appeal unless sovereign immunity or jurisdiction is in question." Daigle v. Shell Oil Co., 972 F.2d 1527, 1539 (10th Cir.1992). We may review the sovereign immunity question because we have a responsibility to review each appeal to confirm our subject matter jurisdiction. McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989). This duty does not, however, require us to consider "untimely raised legal theories which may support that jurisdiction." Daigle, 972 F.2d at 1539.
 
 
 12
 Ms. Sanders argues she should be excused from her failure to raise the deficiency issue because she is a pro se litigant. While we are cognizant of our duty to liberally construe the pleadings of pro se litigants, this duty does not include reviewing arguments which were not raised in any form in the district court. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). This argument was factually available to Ms. Sanders at the time the district court considered this matter. There is nothing in the record suggesting otherwise.
 
 
 13
 Moreover, the government maintains that if the argument was raised in the district court it would have been able to introduce evidence that a deficiency notice was not required in this case. Ms. Sanders and her husband reported this tax liability but did not pay it. Therefore, there was no "deficiency" under 26 U.S.C. 6212(a). Rather, the government argues there was an unpaid liability immediately assessable under 6201(a).
 
 
 14
 Ms. Sanders does not dispute this analysis. Instead, she maintains that a deficiency notice was required because, in January of 1993, she sent a letter to the IRS "revoking" her signature on every 1040 return she filed from 1970 through 1991. She contends this revocation changed the nature of the 1990 and 1991 tax liability, thereby requiring a deficiency notice. This argument is specious. Ms. Sanders may not change the nature of the assessment, and thereby change the government's responsibilities, by executing an after-the-fact revocation of her signature.[3]
 
 
 15
 The claims against the individual defendants are likewise barred. We conclude this is not an appropriate case for providing additional potential liability under Bivens. See National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1248 (10th Cir.1989). Moreover, it is clear that all of the allegations Ms. Sanders has made relate to actions which the individual defendants took in their official capacities. Thus, sovereign immunity bars these claims. See Lonsdale, 919 F.2d at 1441 n. 1.
 
 
 16
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Harvey Burge, Ms. Sander's former husband, was a plaintiff in the district court. He is not a party to this appeal
 
 
 [3]
 Ms. Sanders relies on a tax court memorandum to support her theory that the revocation rendered her tax returns a nullity. See McMahan v. Commissioner, 49 T.C.M. (CCH) 1257, 1985 WL 14817 (1985). That reliance is totally misplaced. In response to the petitioner's revocation argument in that case, the court noted it was "obvious" the theory had no merit. 1985 WL 14817, at 5