Linda SANDERS, Plaintiff,

v.

UNITED STATES, Defendant.

No. 94–213T.

United States Court of Federal Claims.

Aug. 9, 1995.

Linda Sanders, Littleton, CO, pro se.

William K. Drew, with whom were Mildred L. Seidman, Chief, Court of Federal Claims Section, and Loretta C. Argrett, Assistant Attorney General, Tax Division, Department of Justice, Washington, DC, attorneys of record for defendant.

## OPINION

HORN, Judge.

The above-captioned case comes before the court on defendant's motion to dismiss, pursuant to 28 U.S.C. § 1500 (1988 & Supp. 1993), alleging that when plaintiff's complaint was filed, two other cases were pending in other federal courts, filed by this same plaintiff, involving the same operative facts and requesting the same relief. Defendant, in the alternative, argues that if the pendency of the lawsuits is not dispositive of the present action under 28 U.S.C. § 1500, dismissal is also warranted pursuant to the following: the doctrine of sovereign immunity, alleging that the plaintiff failed to demonstrate an express and unequivocal waiver of sovereign immunity by the United States; the doctrine of *res judicata*, based upon two recent decisions rendered by the United States Court of Appeals for the Tenth Circuit in actions brought by the same plaintiff against the United States, and a lack of subject matter jurisdiction, alleging that the present action does not set forth a cognizable claim of an unconstitutional taking in violation of the Fifth Amendment to the Constitution. Plaintiff argues that the pendency of other claims is inapplicable in this instance, that the complaint in this case is jurisdictionally sound, that the defendant has waived sovereign immunity, and, therefore, that defendant's motion should be denied.

## BACKGROUND

On August 3, 1992, an Internal Revenue Service (I.R.S.) officer filed a Notice of Federal Tax Lien under the Internal Revenue Laws on certain real property located in Littleton, Colorado, belonging to the plaintiff, then known as Linda H. Burge, and her former husband, Harvey F. Burge, in the amount of $23,724.61, based on unpaid federal income tax liabilities for the taxable years 1990 and 1991. On March 30, 1993, after failure to pay the tax liability, the government issued a Notice of Seizure and commenced sale of the same property for nonpayment of taxes.

Linda Sanders, acting *pro se*, filed a complaint in this court on April 4, 1994, alleging five counts of due process violations by the Internal Revenue Service regarding the levy, seizure, and sale of plaintiff's residence. Subsequently, on May 9, 1994, plaintiff filed an amended complaint, adding two additional counts of alleged due process violations by the Internal Revenue Service regarding the same seizure and sale. Plaintiff's case amounts to seven (7) claims for relief, total-

ling $1,200,000.00, for alleged violations of her due process rights and for alleged violations of statutory authority.

Count I of plaintiff's complaint, "Failure to Identify a Tax Liability," alleges that plaintiff's rights to be protected from unreasonable search and seizure and her due process rights were violated because the particular tax for which she allegedly incurred liability was not identified properly. Plaintiff attempts to support this allegation by claiming that the 668Y Form received by plaintiff identifies a liability for a "1040 tax." Plaintiff, however, claims that no such tax exists.

Count II of plaintiff's complaint, "Failure to Respond to Plaintiff's Notice of Revocation of Signature, Resulting in Estoppel by Acquiescence," alleges violations of plaintiff's due process rights, based upon the allegation that plaintiff sent notice to the I.R.S. revoking all her past signatures on all 1040 forms with the I.R.S., however, the I.R.S. never informed her that her attempt to revoke her signature was denied. Plaintiff, therefore, contends that the I.R.S.' failure to notify plaintiff that her revocation was denied resulted in an acceptance of the revocation of her past signatures pursuant to the doctrine of "Estoppel by Acquiescence."

Count III of plaintiff's complaint, "Failure to Produce an Assessment as Basis for Lien," asserts a denial of due process for the failure of the I.R.S. to produce an assessment which created the alleged liability for the 1040 tax.

Count IV of plaintiff's complaint, "No Notice of Deficiency Provided to Plaintiff to Start a Lawful Collection Process," alleges that plaintiff's due process rights were violated by the alleged failure of the I.R.S. to send her a notice of deficiency pursuant to 26 U.S.C. § 6212 (1988). Plaintiff alleges that by "revoking" her signatures on all filed returns dating back to 1970, she effectively disclaimed any tax liability which was assessed as a result of those filings. Plaintiff concludes that due to the revocation of her signature, the I.R.S. is obliged to follow deficiency procedures for those returns, as if she had never filed those tax returns, so that she may challenge those assessments in tax court before paying those taxes.

Count V of plaintiff's complaint, "Defendants Did Not Use Statutory Authority to Levy Plaintiff's Property," alleges that the I.R.S. misapplied 26 U.S.C. § 6331 (1988), thereby violating plaintiff's due process rights. Plaintiff claims that the I.R.S. has no authority pursuant to I.R.C. § 6331 to levy her property because the original purpose of that statute related to excise taxes on cotton, distilled spirits, opium, and sales taxes, which bear no relation to her tax profile.

Count VI of plaintiff's amended complaint, "Failure to Assess a Tax Liability Prior to Collection," alleges that the I.R.S. failed to make a lawful assessment prior to placing a lien on her property, thereby allegedly rendering the lien null and void and allegedly violating her due process rights. Plaintiff specifically alleges that the I.R.S. did not comply with the requirements of 26 U.S.C. § 6322 (1988) as a result of the failure of the Secretary to prepare an assessment before imposing a lien.

Finally, Count VII of plaintiff's amended complaint, "Failure of I.R.S. to Follow Procedure to Protect Plaintiff's Privacy," alleges that her privacy rights, as secured by the Fourth and Fifth Amendments to the United States Constitution, were violated by the publication of the plaintiff's private mortgage information in the Denver Post newspaper.

On May 9, 1994, plaintiff filed a notice informing the court of two other cases related to the above-captioned action. Prior to filing the above-captioned case, plaintiff had filed an action in the United States District Court for the District of Colorado on April 15, 1993, naming the United States and numerous I.R.S. employees and officers as defendants. That case was captioned *Harvey F. Burge, Linda H. Burge, nka Linda Sanders v. United States, et al.*, Civil Action No. 93–C–825. Similar to the claims included in the instant action, the complaint in *Burge* alleged that on August 3, 1992, the I.R.S. committed several statutory and constitutional violations when placing a notice of federal tax lien on plaintiffs' property as a result of unpaid tax liabilities. On October 26, 1993, the United States District Court for the District of Colorado dismissed that action on the ground that the United States had not

waived sovereign immunity and that plaintiffs had proven "no set of facts to support their claims against the individual defendants." Initially, plaintiffs filed a motion to amend the court's order and for relief from the order of the district court in *Burge,* based on newly discovered evidence. On December 14, 1993, the district court denied plaintiffs' motion based on the fact that the newly discovered evidence was irrelevant to the defects in plaintiffs' original and amended complaints.

Plaintiffs appealed the district court dismissal in *Burge* to the United States Court of Appeals for the Tenth Circuit (Case No. 94–1063). The tenth circuit affirmed the district court order. *See Burge v. I.R.S.,* 39 F.3d 1191, (10th Cir.1994). The tenth circuit held that although 28 U.S.C. § 2410 (1988 & Supp.1993) waives sovereign immunity in cases seeking to quiet title to "real or personal property in which the United States has or claims a mortgage or other lien," Ms. Sanders' complaint does not even refer to an effort to quiet title to the property. *Id.* The tenth circuit also found that sovereign immunity had not been waived under 28 U.S.C. § 1331 (1988), 28 U.S.C. § 1346 (1988 & Supp.1993), 26 U.S.C. § 7432 (1988) or 26 U.S.C. § 7433 (1988). *Id.* at 1–2.

Plaintiff filed another complaint, prior to the present action, in Colorado State Court on January 25, 1994 (94 CV–0412), in which the plaintiff argued that the filing of a notice of federal tax lien and seizure of property was invalid because of the failure to comply with certain requirements of Colorado law and that no judgment had been obtained. The defendants subsequently removed that case to federal district court. The plaintiff filed an amended complaint in district court on March 24, 1994, captioned *Linda Sanders v. United States, et al.,* Civil Action No. 94–M–0463, further alleging a denial of due process under Colorado law in the seizure of her property, a failure to comply with section 6331 of the Internal Revenue Code and a failure to provide due process under the Fifth Amendment to the United States Constitution. The district court granted the defendant's motion to dismiss the complaint by order dated April 26, 1994. The following statement was included in the court's dismissal order: "There is no merit to the plaintiff's contention that she can eliminate a self-assessed liability by simply revoking her signature on a tax return."

Once again, Ms. Sanders appealed and the United States Court of Appeals for the Tenth Circuit recently affirmed the district court's order in *Sanders.* *See Sanders v. United States,* 37 F.3d 1510 (10th Cir.1994). The tenth circuit found no support for plaintiff's claim that the levy was improper pursuant to 26 U.S.C. § 6331. The court of appeals also found no merit to plaintiff's claim that she was entitled to a deficiency notice pursuant to 26 U.S.C. § 6212 because she had attempted to revoke her signature on prior tax returns.

Because neither plaintiff nor defendant had informed this court that the pending tenth circuit decision had been issued in the *Sanders* appeal, this court ordered the parties to file limited, supplemental briefings, addressing the issue of *res judicata.* After briefings were complete, this court held an oral argument of defendant's dispositive motion.

## DISCUSSION

■ When considering a motion to dismiss, the court may consider all relevant evidence in order to resolve any disputes as to the truth of the jurisdictional facts alleged in the complaint. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir.1988). The court is required to decide any disputed facts which are relevant to the issue of jurisdiction. *Id.* at 747.

The basic standards for weighing the evidence presented by the parties when evaluating a motion to dismiss for lack of jurisdiction, pursuant to the rules of the United States Court of Federal Claims (RCFC) 12(b)(1), have been articulated by the United States Supreme Court and the United States Court of Appeals for the Federal Circuit as follows: "in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232,

236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *accord Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). In rendering a decision, the court must presume that the undisputed factual allegations included in the complaint by plaintiff are true. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d at 746; *Miree v. De Kalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977).

 The burden of establishing jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Pasco Enterprises. v. United States,* 13 Cl.Ct. 302, 305 (1987); *Metzger, Shadyac & Schwartz v. United States,* 10 Cl.Ct. 107, 109 (1986). The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Moreover, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. La-Hue,* 663 F.2d 713, 723 (7th Cir.1981).

Defendant has moved to dismiss the above-captioned case, initially arguing that the pendency of claims in other courts as of April 4, 1994, the date of filing the complaint in this court, prevents this court from exercising jurisdiction over the above-captioned case pursuant to 28 U.S.C. § 1500. *Burge,* the first district court action, was filed on April 15, 1993, and *Sanders,* the second district court action, was filed on March 24, 1994, both prior to the filing of the complaint in this case. Alternatively, defendant asserts that this court is divested of jurisdiction based upon the doctrine of sovereign immunity, due to a lack of subject matter jurisdiction, and based upon the doctrine of *res judicata.* Because defendant's argument regarding section 1500 would be a complete bar to plaintiff's complaint, this court first examines whether the pendency of the other lawsuits filed by this plaintiff divests this court of jurisdiction pursuant to 28 U.S.C. § 1500.

Section 1500 provides as follows:

**Pendency of claims in other courts.**
The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

 Congress has been given authority, pursuant to the Constitution of the United States, to define the jurisdiction of the courts. *See Keene Corp. v. United States,* 508 U.S. 200, 207–08, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993). Moreover, "[t]he limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978).

As stated by the United States Court of Appeals for the Federal Circuit, the purpose of section 1500 is to "force an election where both forums could grant the same relief, arising from the same operative facts." *Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1564 (Fed.Cir.1988), cert. denied, 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989). Otherwise stated, "[t]he purpose of section 1500 is to prohibit the filing and prosecution of the same claims against the United States in two courts at the same time," *Id.* at 1562. The federal circuit also offered guidance regarding how to interpret the term "claim" in the context of 28 U.S.C. § 1500, as follows:

Both the decision in *British American* [*British American Tobacco Co. v. United States,* 89 Ct.Cl. 438, 1939 WL 4266 (1939), cert. denied, 310 U.S. 627, 60 S.Ct. 974, 84 L.Ed. 1398 (1940) ] and the decision in *Los Angeles* [*Los Angeles Shipbuilding & Drydock Corp. v. United States,* 138 Ct.Cl. 648, 152 F.Supp. 236 (1957) ] are explicit in their interpretation of the term 'claim' in section 1500. Both reject the argument that 'claim' is based on legal theories. Both hold 'claim' to be defined by the facts.

*British American* specifically applied this interpretation to a case involving tort and contract theories, the same theories raised in the instant appeal. A contrary interpretation would defeat the intent of Congress and would allow a plaintiff to bring duplicative actions on the same operative facts. 'The possibility of inconsistent judicial resolution of similar legal issues would then exist and the dual proceedings could result in unfair burden to the defendant, and unnecessary crowding of this court's docket and general administrative chaos.' *City of Santa Clara v. United States,* 215 Ct.Cl. 890, 893, 1977 WL 9595 (1977). Accordingly, we construe the term 'claim' in 28 U.S.C. § 1500 to be defined by the operative facts alleged, not the legal theories raised.

*Id.* at 1562.

■ Therefore, pursuant to 28 U.S.C. § 1500, as well as under recent case law interpreting that provision, it is well settled that this court may not exercise jurisdiction over an action if, upon its filing, there is another action pending in another court, filed by the same plaintiff, which claim is based on the same operative facts and requests the same relief. 28 U.S.C. § 1500; *see also Keene Corp. v. United States,* 508 U.S. at 208–13, 113 S.Ct. at 2041–43; *Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1551 (Fed.Cir.1994); and *UNR Industries, Inc. v. United States,* 962 F.2d 1013, 1021 (Fed.Cir.1992).

In *UNR Industries, Inc. v. United States,* the federal circuit interpreted 28 U.S.C. § 1500 to provide the following three effects:

1) if the same claim is pending in another court at the time the complaint is filed in the Claims Court, the Claims Court has no jurisdiction, regardless of when an objection is raised or acted on; 2) if the same claim is filed in another court after the complaint is filed in the Claims Court, the Claims Court is by that action divested of jurisdiction, regardless of when the court memorializes the fact by order of dismissal; and 3) if the same claim has been finally disposed of by another court before the complaint is filed in the Claims Court,

ordinary rules of *res judicata* and available defenses apply.

*UNR Industries, Inc. v. United States,* 962 F.2d at 1021. In *Keene,* the Supreme Court reiterated the concepts outlined in *UNR Industries* and stated that when applying the jurisdictional bar imposed by section 1500, this court must adhere to the longstanding principle that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Keene,* 508 U.S. at 207, 113 S.Ct. at 2040 (citing *Mollan v. Torrance,* 22 U.S. 537, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824) (Marshall, C.J.)).

■ More recently, the federal circuit in *Loveladies Harbor, Inc. v. United States* discussed the jurisdictional bar of section 1500 and offered the following language:

For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief. We know of no case arising from the same operative facts in which § 1500 has been held to bar jurisdiction over a claim praying for relief distinctly different from that sought in a pending proceeding.

*Loveladies Harbor, Inc. v. U.S.,* 27 F.3d at 1551. It is irrelevant to the jurisdictional inquiry under section 1500 whether a plaintiff's suits are based upon different legal theories, all that is required is that the plaintiff's claim be based on the same operative facts and request the same relief. A jurisdictional inquiry under section 1500, therefore, requires "a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit," *Keene Corp.,* 508 U.S. at 210, 113 S.Ct. at 2041, in order to determine whether, in fact, the claims are based on the same operative facts and request the same relief.

■ Applying the concepts outlined in *UNR Industries, Keene* and *Loveladies* to the instant case, in order to determine if the § 1500 jurisdictional bar applies, this court must examine the three related actions brought by plaintiff Sanders, bearing in mind the April 4, 1994 date on which the plaintiff filed her lawsuit in this court. After a comparison and review of the above-captioned

case in this court with plaintiff's complaint filed in *Burge v. United States,* Civil Action No. 93–C–825, in the United States District Court for the District of Colorado, and also with plaintiff's complaint filed in *Sanders v. United States,* Civil Action No. 94–M–473, in the United States District Court for the District of Colorado, this court has determined that the plaintiff's claims in all three matters rely upon the same operative facts and seek the same relief.

In all three actions, plaintiff has alleged the same operative facts, namely, that on August 3, 1992, the Internal Revenue Service, through its agents, filed a Notice of Federal Tax Lien on the plaintiff's property based on unpaid federal income tax liabilities, and that on March 30, 1993, the plaintiff's property was seized as a result of her unpaid taxes. In fact, the plaintiff's allegations in the instant action mirror those in her two previously filed claims.

Plaintiff's first four claims in the present litigation allege that the actions of the I.R.S. agents in administering the lien and seizure of her property violated her due process rights. Similarly, in both *Burge,* the first district court action, and in *Sanders,* the second district court action, plaintiff alleged due process violations, allegedly resulting from the same set of facts and circumstances as those in the instant case. In *Burge,* after alleging identical facts as those alleged in the present case, plaintiff asserted that "[b]ecause of the violation of due process, Plaintiff suffered because of the unlawful seizure of her property, and has been unable to secure credit, suffering needless credit damages, she has been deprived of rights to life, liberty and property because of the unlawful lien placed against her named as a 'judgment', and having her property unlawfully and illegally seized and seeks restitution for such economic damages...." Moreover, in *Burge,* the first district court action, plaintiff alleged identical facts and circumstances as in the previously described complaints, and further alleged that "Plaintiffs have suffered violations of their rights to due process, unreasonable seizure, intentional severe emotional stress at the hands of the Defendants, break up of family, ... stress on children,

loss of right to title, loss of credit, ... and slandered name...." In *Sanders,* the second district court action, plaintiff made exactly the same allegations as she did in her sixth claim for relief in the instant action, that the Internal Revenue Service has misapplied Section 6331 of the Internal Revenue Code. Furthermore, in all three complaints, the plaintiff has requested the same relief in the form of money damages against the government.

Therefore, in accordance with 28 U.S.C. § 1500, and after a thorough examination of all three actions filed by the plaintiff, this court determines that the pendency of plaintiff's claims in the United States District Court for the District of Colorado and subsequently in the United States Court of Appeals for the Tenth Circuit, based upon the same operative facts and seeking the same relief, results in lack of jurisdiction in this court to adjudicate plaintiff's claims in the above-captioned case.

Although section 1500 acts as a complete jurisdictional bar, defendant in this case has also raised several other theories which it contends support the government's motion to dismiss. In the interests of affording plaintiff a complete review, this court also examines the validity of defendant's alternative claims. Defendant has asserted that plaintiff's claims are barred by the doctrine of sovereign immunity and are improperly before this court due to a lack of subject matter jurisdiction. Plaintiff, however, contends that defendant has waived sovereign immunity in this case, pursuant to 28 U.S.C. § 2410(a)(1) (1988) and 26 U.S.C. § 7421(a) (1988), and that this court retains jurisdiction over the subject matter of plaintiff's complaint, pursuant to 28 U.S.C. § 1491 (1988 & Supp. V 1993).

 In order for this court to have jurisdiction, the Tucker Act, 28 U.S.C. § 1491, requires that a substantive right must exist which is enforceable against the United States for money damages, independent of 28 U.S.C. § 1491. The Tucker Act merely confers jurisdiction on the Court of Federal Claims; it does not create any substantive right enforceable against the United States for money damages. *United States v. Mitch-*

*ell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (*Mitchell I*); *United States v. Testan,* 424 U.S. 392, 398–99, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc*), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984).

The Tucker Act permits actions against the United States government founded upon the Constitution, an Act of Congress, a regulation of an executive department, or upon any express or implied contract with the United States. The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

■ Moreover, a waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969). The individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Testan,* 424 U.S. at 398, 96 S.Ct. at 953. Stated otherwise, "in order for a claim against the United States founded on statute or regulation to be successful, the provisions relied upon must contain language which could fairly be interpreted as mandating recovery of compensation from the government." *Cummings v. United States,* 17 Cl.Ct. 475, 479 (1989), *aff'd,* 904 F.2d 45 (Fed.Cir.1990); *see also United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983) (*Mitchell II*) (citing *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. at 954 (quoting *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967))); *Duncan v. United States,* 229 Ct.Cl. 120, 138, 667 F.2d 36, 47 (1981), *cert. denied,* 463 U.S. 1228, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983).

Understanding that the plaintiff in this case has proceeded *pro se,* this court, therefore, offers the following, albeit lengthy, comprehensive selections from *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (1967), which more fully explain this court's jurisdiction pursuant to 28 U.S.C. § 1491:

> Section 1491 of Title 28 of the United States Code allows the Court of Claims to entertain claims against the United States 'founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort'. But it is not every claim involving or invoking the Constitution, a federal statute, or a regulation which is cognizable here. The claim must, of course, be for money. Within that sphere, the noncontractual claims we consider under Section 1491 can be divided into two somewhat overlapping classes—those in which the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum; and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury. In the first group (where money or property has been paid or taken), the claim must assert that the value sued for was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation. In the second group, where no such payment has been made, the allegation must be that the particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum....

> We have referred to these cases [the former cases] as those in which 'the Government has the citizen's money in its pocket' and the claim is 'to recover an illegal exaction made by officials of the Government, which exaction is based upon a power supposedly conferred by a statute' [citations omitted]; and we have held that 'suit can be brought in this court to recover [such] exactions said to have been ille-

gally imposed by federal officials (except where Congress has expressly placed jurisdiction elsewhere)' [citations omitted].

The second category includes the varied litigations in which we are urged to hold that some specific provision of law embodies a command to the United States to pay the plaintiff some money, upon proof of conditions which he is said to meet....

Monetary claims which cannot be brought within these limits are beyond this court's jurisdiction, even though they may intimately involve the Constitution, an Act of Congress, or an executive regulation. This is the reverse of saying that this court is not concerned with any and all pecuniary claims against the Federal Government, simply because they rely upon (and in that sense are 'founded upon') an aspect of federal, constitutional, statutory or regulatory law. Where the claimant is not suing for money improperly exacted or retained (the first class defined above), the historical boundaries of our competence have excluded those instances in which the basis of the federal claim—be it the Constitution, a statute, or a regulation—cannot be held to command, in itself and as correctly interpreted, the payment of money to the claimant, but in which some other principle of damages has to be invoked for recovery.... Under Section 1491 what one must always ask is whether the constitutional clause or the legislation which the claimant cites can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained. If not, this court cannot give relief under Section 1491, although some separate general principle—arising, for example, from tort law—might lead to a remedy in another forum or under some special relief provision.

*Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 605–07, 372 F.2d at 1007–08 (citations omitted).

 Plaintiff states in her complaint filed in this court that "[j]urisdiction is proper pursuant to 28 U.S.C. 1491, as this Claim is against the United States, for violations of due process secured by the Constitution for the United States of America," and seems to identify two possible statutory waivers of sovereign immunity: 28 U.S.C. § 2410(a)(1) and 26 U.S.C. § 7421(a). Neither of the provisions cited by the plaintiff, however, act to waive the sovereign immunity of the United States, nor do they act to confer jurisdiction upon this court to adjudicate plaintiff's claims. First, 28 U.S.C. § 2410(a)(1) provides as follows:

**§ 2410. Actions affecting property on which United States has lien**

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien.

The language of that statute limits jurisdiction over suits brought pursuant to 28 U.S.C. § 2410(a)(1) to district courts or state courts having jurisdiction over the subject matter. Thus, 28 U.S.C. § 2410(a)(1) does not waive sovereign immunity in actions brought in the United States Court of Federal Claims. *First Atlas Funding Corp. v. United States,* 23 Cl.Ct. 137, 140 n. 1 (1991), *aff'd without op., First Atlas Funding Corp. ex. rel. Kersting v. United States,* 954 F.2d 733 (Fed.Cir. 1992) (noting that section 2410 claims should not be brought in the Court of Federal Claims). Plaintiff here alleges that 28 U.S.C. § 2410 is applicable because the lien imposed upon plaintiff's residence constitutes an unconstitutional taking. Similarly, the complaint in *First Atlas* was framed as an action to quiet title and characterized a lien as a statutory taking, in violation of due process rights. The court in *First Atlas,* however, commented on the invalidity of such a claim before the United States Court of Federal Claims, as follows:

The use of tax lien is a well-defined procedure for collecting a tax liability. *See generally* 26 U.S.C. §§ 6321–6327 (1988). As will be discussed below, however, Congress has severely circumscribed the means by which tax liens can be questioned. If this court were to treat a challenge to a lien as

stating a colorable claim for a constitutional taking, it would thwart the expectation that the process of challenging the legitimacy of tax liens would be limited to the means afforded by Congress.

*Id.* at 140.

■ Second, plaintiff alleges a waiver of sovereign immunity, pursuant to 26 U.S.C. § 7421(a). That provision provides as follows:

§ **7421. Prohibition of suits to restrain assessment or collection.**

**(a) Tax**

Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Nowhere in the text of 26 U.S.C. § 7421 is there an unequivocal and express waiver of sovereign immunity. Further, the court in *First Atlas Funding Corp. v. United States* stated that "section 7421 is, for all practical purposes, superfluous with respect to this court." *Id.*

Moreover, plaintiff's argument that sovereign immunity has been waived by the above-cited provisions was squarely rejected by the tenth circuit in *Burge*, the first district court action brought by this plaintiff. *See Burge v. United States, et. al.,* 39 F.3d 1191, (10th Cir.1993). The district court stated the following:

On appeal, Ms. Sanders maintains the district court had jurisdiction pursuant to the following statutes: 28 U.S.C. ... 2410; ... and, finally, 26 U.S.C. 7421. The district court dismissed each of these asserted bases, concluding that Ms. Sanders failed to establish subject matter jurisdiction. We must do likewise.

This court has held, in unequivocal terms, that general jurisdictional statutes may not act to waive sovereign immunity. *Lonsdale v. United States,* 919 F.2d 1440, 1443–44 (10th Cir.1990). Consequently, 28 U.S.C. 1331 cannot provide jurisdiction. Equally unavailing is the assertion of juris-

diction under 28 U.S.C. 1346. That statute waives sovereign immunity for refund suits filed to recover taxes already paid. This is not a refund action.

In addition, Ms. Sander's vigorous argument notwithstanding, 42 U.S.C. 1983 requires that the defendants act under color of state law. The I.R.S. agents in this case did not. Therefore, we also reject that statute as a basis for jurisdiction. Claims asserted under the Federal Tort Claims Act, 28 U.S.C. 2674 and 2679, are likewise barred because they involve 'the assessment or collection' of tax. 28 U.S.C. 2680(c).

Further, although 28 U.S.C. 2410 waives sovereign immunity in cases seeking to quiet title to 'real or personal property on which the United States has or claims a mortgage or other lien,' this is not that type of action. '[T]his and other courts have rejected attempts by taxpayers to invoke the waiver ... for the purpose of circumventing the time honored pay first, "litigate later rule," by framing their contest of the Government's tax assessment or collection actions in the guise of a quiet title action.' *Lonsdale,* 919 F.2d at 1443. There is nothing in the complaint even referencing an effort to quiet title to the property. This is not a 2410 action.

*Id.* at 1–2.

■ Not only does this court agree with the analysis and findings of the tenth circuit on this issue, but this court notes further that the doctrine of issue preclusion prevents the relitigation of this same jurisdictional issue. *See* 1B Moore's Federal Practice, paras. 0.405[5] and 0.409[2] (2d ed.). The *Burge* case, therefore, bars the plaintiff's suit in this court because maintaining the plaintiff's suit here would result in relitigation of the precise issue of sovereign immunity previously resolved for this plaintiff by the tenth circuit opinion.

■ Defendant also asserts that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. This court agrees. Plaintiff's first four causes of action allege that the I.R.S. conduct has deprived her of property without due process of law.

The Court of Federal Claims, however, does not have jurisdiction over plaintiff's due process claims. The jurisdiction of this court is limited by 28 U.S.C. § 1491 to "such cases where the Constitution or federal statute requires the payment of money damages as compensation for the violation." *Murray v. U.S.*, 817 F.2d 1580, 1582–83 (Fed.Cir.1987), *cert. denied,* 489 U.S. 1055, 109 S.Ct. 1318, 103 L.Ed.2d 587 (1989); *see also United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. at 953–54. Since the fifth amendment due process clause does not mandate the payment of money damages as compensation for violations thereof, the Court of Federal Claims lacks jurisdiction to preside over plaintiff's allegations that her due process rights were violated. *Morales v. United States,* 19 Cl.Ct. 342, 345 (1990).

■ Furthermore, section 1491 expressly excludes this court from exercising jurisdiction over any action sounding in tort. *See* 28 U.S.C. § 1491. Several of plaintiff's claims, such as defamation, damage to her credit reputation and invasion of her right to privacy, are clearly sounding in tort.

Both this court and the United States Court of Appeals for the Federal Circuit have held consistently that this court does not have jurisdiction to entertain tort claims. *See Golden Pacific Bancorp v. United States,* 15 F.3d 1066, 1069 n. 8 (Fed.Cir.1994); *Shearin v. United States,* 992 F.2d 1195, 1197 (Fed.Cir.1993); *Edwards v. United States,* 19 Cl.Ct. 663, 669 (1990). In reviewing the jurisdiction of this court, the United States Court of Appeals for the Federal Circuit has stated the following:

> It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims. The Tucker Act expressly provides that the 'United States Court of Federal Claims shall have jurisdiction ... in cases *not* sounding in tort.' 28 U.S.C. § 1491(a)(1) (1988) (emphasis added), *as amended by* Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506; *see Aetna Casu-*

*alty and Surety Co. v. United States,* 655 F.2d 1047, 1059, 228 Ct.Cl. 146 (1981).

*Shearin v. United States,* 992 F.2d at 1197.

Plaintiff's complaint also may not be construed to state a viable takings claim in violation of the Fifth Amendment to the Constitution, as asserted by plaintiff. The argument that a government tax lien constitutes a taking has been rejected in the Court of Federal Claims. *First Atlas Funding Corp. v. United States,* 23 Cl.Ct. at 140; *Fredericksburg & Potomac R.R. Co. v. United States,* 27 Fed.Cl. 275, 289 (1992). This court has ruled that "[i]n the absence of the normal indicia of a taking, and in view of the availability of a comprehensive remedy, the court concludes that the filing of a notice of a lien, standing alone, does not constitute a taking." *First Atlas Funding Corp. v. United States,* 23 Cl.Ct. at 141. Moreover, as stated earlier, although the court in *First Atlas* recognized the existence of a judicial remedy for improperly placed liens, that same court noted that "the proceeding would not be in this court." *Id.* at 140.

Plaintiff has failed to establish either that the United States unequivocally waived its sovereign immunity or that this court is vested with jurisdiction over plaintiff's claims. Therefore, defendant is correct in arguing for dismissal of this action based upon the doctrine of sovereign immunity and upon the lack of subject matter jurisdiction.

Finally, defendant asserts that plaintiff's complaint should be dismissed pursuant to the affirmative defense of *res judicata.* "Under the doctrine of *res judicata,* a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).

The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit

and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' *Cromwell v. County of Sac,* 94 U.S. 351, 352 [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatsoever, absent fraud or some other factor invalidating the judgment. *See* Von Moschzisker, *"Res Judicata,"* 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48.

*Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

▮▮▮▮ It is well established that, "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the tax year." *Sunnen,* 333 U.S. at 598, 68 S.Ct. at 719–720. The doctrine of *res judicata* also applies to claims that a tax lien was improperly filed against this plaintiff. *Nielsen v. United States,* 976 F.2d 951, 956 (5th Cir.1992); *see also Purk v. United States,* 30 Fed.Cl. 565, 568–69 (1994). *Northern Illinois Gas Company v. United States,* 12 Cl.Ct. 84, 87 (1987). Moreover, the doctrine of *res judicata* "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) (citations omitted).

▮▮▮▮ Thus, plaintiff's allegations that she was entitled to a notice of deficiency or that the lien was improper may not be relitigated in this court and have been disposed of by the United States District Court for the District of Colorado and by the United States Court of Appeals for the Tenth Circuit. Furthermore, plaintiff's allegations that the conduct of the I.R.S. agents in administering the lien and seizure of her property violated her due process rights were also disposed of in the other federal court actions she pursued twice through the United States District Court for the District of Colorado and twice through the United States Court of Appeals for the Tenth Circuit. As the United States Supreme Court has noted, "the doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time ... [i]t is a rule of fundamental substantial justice 'of public policy and of private peace' which should be cordially regarded and enforced by the courts...." *Federated Department Stores v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981) (quoting *Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917)).

## CONCLUSION

After a careful review of the record before this court and of the applicable law, the court concludes that defendant has met its burden of proof on the motion to dismiss and finds that the plaintiff has failed to establish that the court has jurisdiction to adjudicate the claims included in her complaint. The court finds that plaintiff's complaint is barred by 28 U.S.C. § 1500 because at the time she filed the complaint in the above-captioned case, she had cases pending in other federal courts which were based upon the same operative facts and which requested the same relief as in the above-captioned case. Further, plaintiff's complaint also is jurisdictionally flawed because plaintiff has not demonstrated that defendant has waived its sovereign immunity. Moreover, plaintiff also has not shown that this court has subject matter jurisdiction to entertain the claims asserted in the complaint. And, finally, the plaintiff's claims are barred by the doctrine of *res judicata.* For the reasons discussed above, defendant's motion to dismiss is, hereby, **GRANTED.** The Clerk of the Court is directed to dismiss plaintiff's complaint and enter judgment in accordance with this decision. Costs to the defendant.

**IT IS SO ORDERED.**